FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

20 OCT 27 PM 5: 09

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHNATHAN CORNISH, #343299-037 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RDB-13-3119 |
| | | CRIMINAL NO. RDB-07-0604 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | | |

*****

## MEMORANDUM OPINION

Jonathan Cornish ("Cornish") was convicted of one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Specifically, Cornish pled guilty to the use, carrying and discharge of a firearm in the commission of a crime of violence, namely, the murder of Carl Lackl, for purposes of gaining entrance to, maintaining, or increasing Cornish's position with the "Bloods" street gang.[1]  Criminal judgment was entered on August 21, 2009.  Consistent with the plea agreement, Cornish waived his right to appeal his sentence, with limited exceptions.  No appeal was noted.

On October 21, 2013, more than four years after the entry of judgment, the Court received for filing Cornish's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, dated October 15, 2013.  ECF No. 21.  He argues that: his criminal information was "fatally flawed;" the Court was without jurisdiction to transfer his juvenile case from the State to federal court for

---

[1]       Lackl was the sole eyewitness in a state murder case against Patrick Albert Byers.  Byers and his associate Frank Keith Goodman contracted to murder Lackl to prevent him from testifying against Byers in the upcoming state murder trial.  *See United States v. Byers*, Criminal No. RDB-08-56 (D. Md.).  As a young member of the Bloods, Cornish was recruited to shoot Lackl and "was obligated to perform the murder for free."  *See United States v. Byers*, 649 F.3d 197, 203 (4th Cir. 2011).  The murder occurred one week before the state trial was to begin.  *Id.*

criminal prosecution without Attorney General certification pursuant to 18 U.S.C. § 5032; and he

received ineffective assistance of counsel. On June 24, 2014, the Government was directed to file a

limited show cause response addressing the timeliness and/or equitable tolling of the § 2255 Motion.

ECF No. 31. Cornish was afforded an additional twenty-one days thereafter to file a reply. *Id.* For

reasons that follow, the Motion IS DENIED AND DISMISSED WITH PREJUDICE.

The Government's Limited Response, received for filing on September 3, 2014,[2] argues that

Cornish's filing is untimely under 28 U.S.C. § 2255(f)(1)[3] because it was not filed within one year

from the date when his conviction became final.[4] ECF No. 33.

---

[2]     Cornish has filed a Motion to Strike the Government's Response as untimely. ECF No. 37. The Government did file the response approximately 10 days after its due date. It is unclear what reasons exist for this short delay. The undersigned, however, does not believe that any prejudice will result from denying Cornish's Motion to Strike given the limited legal issues before the Court.

[3]     28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[4]     The Government argues that Cornish's conviction became final on September 1, 2009, when the fourteen-day appeal period expired after his sentencing. The Court, however, finds that the conviction

In his initial Reply, Cornish asserts that the limitation period was statutorily tolled and his Motion was timely filed under 28 U.S.C. §§ 2255(f)(2) & (4). He argues that the sealing of the criminal information by the Government created an impediment to his prompt filing of his § 2255 Motion and prevented his discovery of facts supporting his claims. ECF No. 38. He asserts that the one-year limitations period should commence on October 29, 2013, when the criminal information was unsealed by the Court. *Id.* Cornish also maintains that the one-year limitation period should be equitably tolled because his attorney did not notify him of the filing deadline and because court staff informed him that his name was not in the database, thus delaying his ability to file. *Id.*

In its Supplemental Response the Government claims that the limitation provisions under 28 U.S.C. §§ 2255(f)(2) & (4) are inapplicable to Cornish's case and the facts and circumstances of this case do not satisfy the one-year limitations periods under either provision. ECF No. 39. Cornish moved to file an Amended Reply, arguing that equitable tolling applies to this case as the "tolling of the period of limitations for lack of jurisdiction may be noticed by the court at any time." ECF No. 40. The Motion shall be granted.

The Court has reviewed the record and arguments raised by Cornish and the Government. Cornish's conviction became final on September 4, 2009, upon the expiration of the fourteen-day period for filing a direct appeal. *See Clay v. United States,* 537 U.S. 522, 525 (2003); *United States v. Diallo,* --- Fed. Appx. ---, 2014 WL 3893243 (4th Cir 2014). Cornish had one year from that date to file his Motion to Vacate.

Title 28 U.S.C. § 2255(f)(2) governs the period of time prisoners have to file a § 2255 motion

---

became final on September 4, 2009, fourteen days after criminal judgment was entered.

if their filing is somehow impeded by the government. *See* 28 U.S.C. § 2255(f)(2); *see also Ryan v. United States*, 657 F.3d 604, 605 (7th Cir. 2011). It provides prisoners the "benefit of a full year ..." after the alleged impediment caused by the government is removed. *Id.* at 607. An unconstitutional or unlawful government impediment contemplated by this provision is more akin to an inability to access a law library or legal materials, or even an inadequate prison law library. *See, e.g., Williams v. United States*, 360 Fed. Appx. 34 (11th Cir. 2010) (discussing impediments caused by prison lockdowns or inmate's inability to access legal materials); *Sanchez v. United States*, 170 Fed. Appx. 643, 647 (11th Cir. 2006) (alleged government impediment must be unconstitutional to afford relief under § 2255(f)(2)). Such an impediment must cause actual harm, or unconstitutionally prevent Defendant from exercising his fundamental right of access to the courts. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000); *Williams*, 360 Fed. Appx. at 36 (quoting *Akins); Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Cornish has not met his burden here. The placing of his criminal information or case under seal does not constitute an impediment as contemplated under § 2255(f)(2) as (1) the materials were placed under seal for Cornish's own safety and (2) the sealing of the case does not constitute an unconstitutional impediment. In short, Cornish has failed to point to any authority which states that the placement of a case under seal constitutes an impediment for purposes of 28 U.S.C. § 2255(f)(2).

Alternatively, under 28 U.S.C. § 2255(f)(4), a Motion may be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Cornish sets out no change in precedent as a fact supporting the claim under the 28 U.S.C. § 2255(f)(4) exception for the one-year limitation. *See, e.g., Yarborough*

*v. United States,* Nos. 5:07–CR–00270–1–F, 5:11–CV–00568–F, 2012 WL 1605579, at *2 (E.D. N.C. May 8, 2012) (holding that a change in precedent announced by the Fourth Circuit constitutes a fact for purposes of 28 U.S.C. § 2255(f)(4). He seemingly contends that the unsealing of the record allowed him to discover the facts supporting his claims. The Court observes that the Government moved to unseal the judgment and conviction on April 7, 2011. The Motion was promptly granted on April 11, 2011. Further, while the entire case was unsealed on October 30, 2013, the action was based upon Government Motion. See ECF No 22. There is no showing that Cornish himself moved to unseal the case and that the Court delayed in ruling on the request. Due diligence has not been demonstrated.

The one-year statute of limitations on § 2255 motions is subject to equitable tolling. *See Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330; *see also Holland v. Florida,* 560 U.S. 631 (2010). To equitably toll the limitations period, a prisoner must have pursued his rights diligently and an "extraordinary circumstance" prevented timely filing. *Id.* at 649; *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (one-year statute of limitations on petitions for federal habeas relief is subject to equitable tolling if petitioner shows that he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing of petition).

Cornish bears the burden of establishing the basis for equitable tolling by showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

and prevented him from timely filing. *See Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008); *see also Ramos-Martínez v. United States,* 638 F.3d 315, 322–23, 325 (1st Cir. 2011) (citation and internal quotation marks omitted); *see also Riva v. Ficco,* 615 F.3d 35, 39 (1st Cir. 2010) (holding that equitable tolling remains "the exception rather than the rule," and that a "habeas petitioner bears the burden of establishing the basis for equitable tolling").

Cornish alleges that his attorney did not inform him of filing deadlines and Court staff informed him that they could not find his name in the database.  Even if true, these claims do not constitute the exceptional circumstances warranting equitable tolling.[5]  First, ignorance or unfamiliarity of the law does not comprise a basis for equitable tolling. *See United States v. Oriakhi,* 394 Fed. Appx. 976, 977 (4th Cir. 2010); *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). Further, in order to be entitled to equitable tolling of the thirty-seven month period, Cornish must also show that he had been diligently pursuing his rights.  The Supreme Court has held that the diligence required for equitable tolling purposes is " 'reasonable diligence.'" *See, e.g., Lonchar v. Thomas,* 517 U.S. 314, 326 (1996). In *Holland,* the Supreme Court made clear that this is distinct from "maximum feasible diligence." *Holland,* 560 U.S. at 653. The reasonableness of Cornish's actions depends on the totality of the circumstances. *See Ramos-Martínez,* 638 F.3d at 324. As noted above, the Court finds that Cornish has not shown reasonable diligence in pursuing his § 2255 remedy.

---

[5]     Cornish's comment regarding Court personnel response involving their inability to find his case is belied by the record.  The Court observes that each and every letter Cornish sent to the Court, commencing in August of 2011, was responded to by Court personnel.  All incoming and outgoing letters contained his criminal case number.

The Court concludes that the Motion to Vacate was not timely filed and that no basis exists for statutory or equitable tolling of the one-year statute of limitations. Accordingly, the Motion shall be dismissed.

Unless a Certificate of Appealabilty ("COA") is issued, a petitioner may not appeal the district court's decision in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Cornish "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Cornish has not made a substantial showing of the denial of his constitutional rights, the Court declines to issue a COA. A separate Order follows.

Date: October 27, 2014        _____

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

7