In the United States District Court
for the District of Maryland

United States of America °
　　　V.　　　　　　　　　° Criminal No: 07-604
Johnathan Cornish　　　　°

FILED ____ ENTERED
LODGED ____ RECEIVED

DEC 1 8 2014

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

Johnathan Cornish　　　　°
　　　V.　　　　　　　　　° Civil No: RDB.-13-3119  BY ___ DEPUTY
United States of America °

Reply to Government's Supplemental Response
to Movant's petition for relief pursuant to
28 U.S.C.S 2255

　　On October 21, 2013 petitioner filed a motion for relief pursuant to 28 U.S.C.S 2255. ECF #21 The Court has granted the government 60 days from the 24th day of June 2014 to file a response limited to the timeliness of petitioner's motion. The government filed their limited response Sept 3, 2014 ECF #33 Petitioner was granted twenty-one days there after to file his reply to the government answer. ECF #31. Petitioner filed his reply Sept 21, 2014. Government filed a Supplemental response October 1, 2014.

Page 1

## Untimely Response and Supplemental Response

Government's response and supplemental response are untimely and completely disregard court order. The Court order granted the government 60 days to file a limited response. The government not only failed to limit their response to petitioner's petition being untimely, but also filed their responses over the 60 day deadline.

Governments initial response was filed Sept 3, 2014, 12 days over deadline. Governments supplemental response was filed Oct 1, 2014, 29 days over deadline.

Therefore, petitioner ask that governments responses be struck from record as being untimely filed.

## Juvenile Certification and defective Information ground should be Equitabled tolled

### Defective Information

The government asserted in their supplemental response that 924(c) may be charged absent a charge of the underlying offense. The government supported their arguement mis quoting United States V. Randall, 171 F.3d 195, 205 (4th Cir 1998) ("... the government was not required to separately charge or convict the defendants of the 924(c) predicat offense.") In United States V. Randall Oct 30, 1998 the Court reversed the convictions under 924(c)

Count because the predicate crime of violence, or drug trafficking crime charged in the indictment is an essential element of a 924(c) offense and defendants convictions rested upon proof of a different predicate offense. In petitioner's previous reply under United States V. Munoz-Fabela, 186 2.nd 908, 911 (5th Cir 1990) ("It is only the fact of the offense..."), and United States V. Randall ("Proof of a predicate offense is an essential element of an 18 U.S.C. s 924(c) violation.") establish that 924(c) requires the charging of a predicate offense.

As to the governments assertion under United States V. Crump, 120 F.3d 462, 466 (4th Cir 1997) ("does not depend on his being convicted either previously or contemporaneously - of the predicate offense, as long as all the elements of that offense are proved and found beyond a reasonable doubt"). This case does not apply to petitioner because U.S. Constitution Amendments V which in part provides that no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, gurantees that a criminal defendant will be tried only on charges in a grand jury indictment. In Crumps case their was a charge of a predicate offense which supported this decision.

To sum up the arguement, petitioner was never charged with the predicate offense in a court of the United States. Which violates U.S. Const. Amend. V and VI.

Page 3

Randall states that "Proof of a predicate offense is an essential element of an 18 U.S.C.S 924(c) violation". Absent this essential element would make petitioner factually innocent of crime charged. United States V. Munoz-Fabela, 186 F.2nd 908, 911 (5th cir 1990) ("It is only the fact of the offense...").

## Juvenile Certification

The F.J.O.A firmly provides:

A Juvenile alledged to have committed an act of Juvenile delinquency... Shall not be proceeded against in any court of the United States unless the attorney general, after investigation, certifies to the appropriate district court of the United states...

Stated in motion to Amend, Exibit A, Certification is a Jurisdictional requirement. Compliance is a Jurisdictional prerequisites of 18 USC.S. 5032 including the needed Certification is necesary for federal Court Jurisdiction to exist. See United States V. Sealed Juvenile 1, 225 F.3d 507, 508 (5th Cir 2000) ("The need for Certification under 18 U.S.C.S 5032 is a Jurisdictional requirement..."); United States V. Vargas-DeJesus 618 F.3d 59 (1st 2010) ("The Certification requirement of 18.U.S.C.S 5032 is Jurisdictional").

Therefore, even absent a Certification, a Conviction must be set aside, without a timely objection.

### Movants petition timely pursuant to Mcquiggin V. Perkins, 2255 F(2) and (4)

Mcquiggin V. Perkins

Government claim that petitioner is not factually innocent of crime is without merit. See begginning arguement on defective information where pursuant to United States V. Randall 171 F.3d 195, 205 (4th cir 1998) ("Proof of a predicate offense is an essential element of 18 U.S.C.S 924(c) violation"); United States V. Munoz-Fabela, 186 F.2nd 908, 911 (5th cir 1990) ("It is only the fact of the offense...")

These cases show "a credible showing of innocence that may allow a petitioner pursue his constitutional claims... on the merits not withstanding the existance of a procedural bar to relief." Mcquiggin V. Perkins, -us- 135 S. Ct 1924, 1928 185 L.E.D. 2nd 1019 (2013)

### 2255 F(2) and (4)

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

Establishing under F(2), a impediment in violation of

the Constitution is simple. The impediment derived from the government requesting upon motion to the Court to Seal Juvenile information and criminal information. See Court proceedings 12/20/2007 ECF #6 In previous reply and earlier argument, Criminal information is in violation of the Constitutional Amendment, which would establish the requirements under F(2).

(4) the date on which the fact supporting claim or claims presented could have been discovered through the exercise of due diligence.

The government asserted that petitioner's petition dosen't meet the requirements under 2255 F(4). In light of grounds for relief, movant's petition would meet the requirements under F(4) because case was unsealed prior to the filing of petition. See ECF #22 All grounds would support the fact the petitioner was unable to support claims presented. More specificly, to prove government's failure to file a certification pursuant to 28 U.S.C.S 5032 would require the unsealing of Criminal Case. See Owens v. Boyd 235 F.3d 356, 359 (7th Cir 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when prisoner recognizes their legal significance.")

## Conclusion

For these reasons, the petitioner respectfully submits that petition should be granted as timely.

Respectfull submitted,

Johnathan Cornish
Petitioner

## Certificate of Service

I hereby certify that on the _____ day of November, 2014 a copy of the reply to governments supplemental response to motion for relief pursuant to 28 U.S.C.S Section 2255 was filed via prison mailing system with the clerk of the U.S. District Court of Maryland.

*Johnathan Cornish*
Petitioner

Johnathan Cornish 43249-037
U.S.P. Pollock
P.O. Box 2099
Pollock, LA 71467

SHREVEPORT
LA 710
15 DEC '14
PM 3 L

Clerk, United States District Court
101 W. Lombard St
Baltimore, MD 21201

FILED _____ ENTERED
LODGED _____ RECEIVED

DEC 1 8 2014

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

✳ Legal Mail ✳

✳ Legal Mail ✳

21201262915